UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

COLONY INSURANCE COMPANY,

    Plaintiff(s),

v.

JUAN M. SANCHEZ, et al.,

    Defendant(s).

Case No.: 2:18-cv-01950-JCM-NJK

**Order**

Pending before the Court is an order for attorney Kevin Barrett to show cause why he should not be sanctioned for potentially violating Rule 11 of the Federal Rules of Civil Procedure and for earlier non-compliance with Local Rule IA 11-1(b). Docket No. 27. Mr. Barrett has filed a response, along with a declaration. Docket Nos. 29, 30.

An attorney "who is admitted to practice in Nevada but who does not maintain an office in Nevada" must comply with the requirements outlined in Local Rule IA 11-1(b). That rule does not define the term "maintain an office," but does indicate that having a post office box or mail-drop location does not suffice. Local Rule IA 11-1(b)(1). Other cases also make clear that an attorney does not "maintain an office" by agreeing with a local attorney to list that attorney's office as a physical address for the out-of-state attorney. *Boyle v. Hilton Hotels Corp.*, Case No. 2:16-cv-02250-RFB-NJK, Docket No. 21 (D. Nev. Apr. 20, 2017). It appears that there is otherwise not legal authority addressing the contours of the term "maintain an office" specific to its use in Local Rule IA 11-1(b).

1

That does not mean that the Court is without guidance, however. Case law addressing local rules governing the analogous *pro hac vice* process makes clear that "the mere designation of a local office" is insufficient to constitute "maintain[ing] an office." *O'Dea v. Conagra Foods, Inc.*, 2014 U.S. Dist. Lexis 186702, at *5 (S.D. Cal. Jan. 30, 2014). "A bona fide office is more than a mere address – it is a functioning office." *Moreno v. AutoZone, Inc.*, 2007 U.S. Dist. Lexis 98250, at *37 (N.D. Cal. Dec. 5, 2007) (quoting *Tolchin v. Supreme Court of N.J.*, 111 F.3d 1099, 1107 (3d Cir. 1997)). "Mere rented office space lacks any of the indicia of office location, including where clients are met, where files are kept, where telephones are answered, where mail is received, and where counsel can be reached during business hours." *Id.*; *see also KRBL Ltd. v. Overseas Food Dist. LLC*, 2016 U.S. Dist. Lexis 93374, at *14-17 (C.D. Cal. May 26, 2016) (listing information to be provided by attorney in relation to order to show cause for misrepresenting his maintenance of an office within the district). Succinctly stated, a bona fide office is where "regular work is . . . conducted." *Moreno*, 2007 U.S. Dist. Lexis 98250 at *37-38; *see also KRBL Ltd. v. Overseas Food Dist. LLC*, 715 Fed. Appx. 696 (9th Cir. 2018) (affirming sanctions given that attorney merely rented office space with no meaningful connection to it). Given that the need to maintain an office for *pro hac vice* purposes parallels the need to maintain an office for purposes of Local Rule IA 11-1(b), this case law is highly instructive.

In this case, Mr. Barrett has taken the position that he maintains an office in this District and, therefore, did not need to comply with the requirements outlined in Local Rule IA 11-1(b). *See* Docket No. 20.[1] Pressed by the Court to provide the factual details supporting that position, it is abundantly clear that Mr. Barrett does not have a bona fide office in this District and instead has an arrangement whereby he rents space from a local attorney at which he performs no work. *See* Docket Nos. 29, 30. In particular, Mr. Barrett rents space from local attorney David Lee, an acquaintance who attended the same law school as Mr. Barrett. Docket No. 30 at ¶¶ 11(a), 11(k). Mr. Lee's firm controls Suite 150 at the identified address, but has apparently designated sub-suites for Mr. Barrett's firm and six other entities. *See* Docket No. 30-1. In short, the physical

---

[1] Mr. Barrett has since changed course, designating a resident attorney to act as associated local counsel. Docket No. 24.

2

space of Suite 150 is purportedly shared by Mr. Lee's law firm, Mr. Barrett's law firm, a third law firm, a gaming company, a realty company, two management companies, and a financial services company. *See id.*

The factual circumstances show that this is not a bona fide office for Mr. Barrett. He has been affiliated with this office location since January 2018. Docket No. 30 at ¶ 11(c). Nonetheless, he is not regularly available there. *Id.* at ¶ 11(h). Indeed, he has not done any work there in the last six months. *Id.* at ¶ 11(a).[2] He has not met clients there. *Id.* at ¶ 11(d). His firm has no employees there. *Id.* at ¶ 11(b). He keeps no files there. *Id.* at ¶ 11(e). He does not receive phone calls there. *Id.* at ¶ 11(f).[3] He receives fewer than one piece of stray mail at this office per month, and has his regular business mail sent to him directly in Arizona. *Id.* at ¶ 11(g). He does not identify this office on his Nevada bar registration. *See White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (court may take judicial notice of state bar records). He does not identify this office on his CM/ECF registration with the Court. He does not identify this office on his law firm's website. *Id.* at ¶ 13.

Despite the above facts, Mr. Barrett contends that he was justified in representing to the Court that he maintains an office here. In particular, Mr. Barrett points to the fact that he is entitled to use Mr. Lee's staff if the need arises and that they are authorized to accept service for him. *See id.* at ¶ 11(a). Mr. Barrett also notes that there is what appears to be a changeable pin-board outside the office that identifies his law firm as being in Suite 150C. *See id.* at ¶ 11(i); *see also* Docket No. 30-1 (photograph). Mr. Barrett further states that he intends to use this Nevada office space in the future. *See, e.g.*, Docket No. 30 at ¶ 11(a).[4] None of those circumstances changes the fact that Mr. Barrett has shown only that he rents office space from another attorney in Nevada that he

---

[2] It is not clear whether Mr. Barrett has ever conducted work at this office, but his declaration is limited to attesting that he has not worked at the office in the last six months. Docket No. 30 at ¶ 11(a).

[3] This is not surprising given that it appears Mr. Barrett publishes only his Arizona phone number. *See* Docket Nos. 30-2, 30-3; *see also* Docket No. 30 at ¶¶ 9, 11(f).

[4] Mr. Barrett's positions are somewhat befuddling. On the one hand, he touts "[t]he virtual nature of [his] office and practice." Docket No. 30 at ¶ 8. On the other hand, he insists that "the office space at issue here is more than simply a 'virtual office.'" Docket No. 29 at 2.

3

has not to date used in any meaningful way. As the case law cited above demonstrates, such circumstances fall well short of showing that Mr. Barrett maintains an office at the identified Nevada location.

The Court also finds questionable the legal basis for Mr. Barrett's assertion that he maintains an office in Nevada. Mr. Barrett indicates that he made that representation to the Court in good faith and that the language of the local rule is imprecise. *See, e.g.*, Docket No. 29 at 2-3. At the same time, Mr. Barrett acknowledges that he "admittedly did not research cases from this Court, other jurisdictions, or cases in the *pro hac* context." Docket No. 29 at 2. The Court is unclear as to how Mr. Barrett believed he was complying with his Rule 11 obligations, which require legal contentions to be formed through a reasonable inquiry, Fed. R. Civ. P. 11(b), when he responded to an order to show cause without conducting any legal research. His admission to conducting no legal research is especially problematic given that basic legal research reveals that an attorney does not "maintain an office" by renting space to which he has no meaningful connection.[5]

Notwithstanding the above, the Court takes Mr. Barrett at his word that he believed in good faith that he was complying with the letter and spirit of the rule. The Court is also mindful that Mr. Barrett promptly associated local counsel as required by Local Rule IA 11-1(b) upon receipt of the orders to show cause casting doubt on his assessment. The Court **CAUTIONS** Mr. Barrett that moving forward he must present arguments that are factually and legally supported by a reasonable inquiry. The Court also **CAUTIONS** Mr. Barrett that the Court expects strict

---

[5] It is immaterial whether Mr. Barrett agrees that there is a need for this local rule. *See O'Dea*, 2014 U.S. Dist. Lexis 186702, at *5 (rejecting argument that there is no need for a physical presence in the district because "the Rule remains in place and compliance is expected"). Nonetheless, Mr. Barrett argues at some length that the purposes that animate the local rule are not advanced by requiring that he maintain a bona fide office here because he has been successful in conducting a virtual legal practice in several states. *See* Docket No. 29 at 3-4; *see also* Docket No. 30 at ¶ 8. In making that argument, Mr. Barrett relies on an order issued by the undersigned in another case in which the Court cast doubt on whether the shared office space in that case satisfied the requirement of the local rule, but deferred ruling on the issue. *See Masterson v. The Walt Disney Co.*, Case No. 2:18-cv-00989-JCM-NJK, Docket No. 12 (D. Nev. June 28, 2018). That case was transferred to another district the following week, *see id.*, Docket No. 18 (D. Nev. July 3, 2018), so that issue was not revisited. The facts in that case were significantly different from those presented here. *See, e.g.*, *id.*, Docket No. 11 at ¶ 4 (attesting that the attorney actually used the office space "for client and witness conferences, depositions, and mediations").

4

compliance with the local rules, including Local Rule IA 11-1(b), in this and other cases moving forward.  In all other respects, the order to show cause is hereby **DISCHARGED**.

IT IS SO ORDERED.

Dated: March 14, 2019

_____
Nancy J. Koppe
United States Magistrate Judge