1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11
12
13
14
15

COLONY INSURANCE COMPANY,

       Plaintiff(s),

v.

JUAN M. SANCHEZ, et al.,

       Defendant(s).

Case No.: 2:18-cv-01950-JCM-NJK

**Order**

[Docket Nos. 44, 47]

16       Pending before the Court is Plaintiff's motion to reconsider the order compelling

17 deposition testimony within 14 days, as well as a motion to retroactively extend the deadline to

18 respond to Defendant Sanchez's motion to compel that testimony. Docket Nos. 44, 47. As a

19 threshold matter, the motions fail to identify and address the standards for seeking reconsideration

20 of an interlocutory order. *See* Local Rule 59-1(a). Moreover, it is doubtful that those standards

21 could be met based on the circumstances of this case.[1] The gist of the situation is that Plaintiff did

22 not heed a clear Court order issued just weeks ago that discovery motions will be briefed on

23 shortened time. *See* Docket No. 37. Instead, Plaintiff's counsel and his staff blindly relied upon

24 the deadline automatically-generated by CM/ECF, in contravention of the local rules and the order

25 setting shortened deadlines. *See id.* at 2 n.2 ("The Court reminds the parties that the CM/ECF

26

27       [1] Unlike Rule 60 of the Federal Rules of Civil Procedure, which governs reconsideration
of final judgments and orders, the standards for reconsideration of interlocutory orders do not
include granting relief based merely on a showing of mistake or excusable neglect. *Compare* Fed.
28 R. Civ. P. 60(b)(1) *with* Local Rule 59-1(a).

system may automatically generate deadlines that are inconsistent with this order and, in such instances, this order controls. *See* Local Rule IC 3-1(d)"). As such, the instant situation does not involve a mere "calendaring error," but it involves a failure to read and follow a clear order recently issued that addresses the exact situation at hand.[2]

Given the applicable standards and the above circumstances, the Court would be well within its discretion to deny further relief. As a <u>one-time courtesy</u> to Plaintiff, however, the Court will **VACATE** its order granting the motion to compel as unopposed (Docket No. 43) and permit Plaintiff to file a response to that motion by May 14, 2019.[3] The motions for reconsideration and for extension are hereby **GRANTED** in part, consistent with the above.

IT IS SO ORDERED.

Dated: May 10, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

_____

[2] Plaintiff also indicates that the shortened deadline did not provide adequate time to respond. *See, e.g.*, Docket No. 44 at 3. If that was the situation, the solution is not to simply allow the deadline to lapse. Instead, a proper request for extension should have been filed <u>before</u> the deadline expired. Indeed, the order at issue expressly contemplates such a scenario. *See* Docket No. 37 at 2 (providing shortened deadlines "absent leave for an extension being granted").

[3] Because additional time is being afforded for the response, Defendant Sanchez will have until May 21, 2019, to file a reply.