Kevin C. Barrett, State Bar No. 8959
**BARRETT & MATURA, P.C.**
7575 Vegas Drive, Suite 150c
Las Vegas, NV 89128
Telephone: (702) 833-1033
Facsimile: (602) 792-5711
Email: kbarrett@barrettmatura.com

David S. Lee, State Bar No. 6033
**LEE, HERNANDEZ, LANDRUM & CARLSON, APC**
7575 Vegas Drive, Suite 150
Las Vegas, NV 89128
Telephone: (702) 880-9750
Facsimile: (702) 314-1210
dlee@lee-lawfirm.com

*Attorneys for Plaintiff Colony Insurance Company*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Colony Insurance Company, a foreign insurance company;<br><br>Plaintiff,<br>v.<br>Juan M. Sanchez, an individual; Allen Crumpler, dba Ace Demolition; and Kathi Crumpler,<br><br>Defendants. | Case No. 2:18-cv-01950-JCM-NJK<br><br>**PLAINTIFF COLONY INSURANCE COMPANY'S RESPONSE TO DEFENDANT SANCHEZ'S FIRST MOTION TO COMPEL**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff Colony Insurance Company, by and through its undersigned counsel, hereby responds to Defendant Juan Sanchez's First Motion to Compel. Sanchez seeks to depose certain representatives from Colony and obtain certain documents related to the topics enumerated in the Rule 30(b)(6) Notice of Deposition. As set forth below, the information sought by Sanchez is not relevant to the purely legal issues in this matter. Moreover, even assuming Sanchez has some basis for seeking discovery from Colony, the information as set forth in the Rule 30(b)(6) Notice of Deposition far exceeds any relevant or permissible discovery and is unduly burdensome. As a result, Colony respectfully requests that this Court quash the Rule 30(b)(6) Notice of Deposition or, in the alternative, limit the scope of allowable discovery. This Response is supported by the following

Memorandum of Points and Authorities and the entire record in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Factual Background.

As set forth in the First Motion to Compel, this matter stems from a work-related injury to Sanchez. It occurred on April 21, 2016, while Sanchez was working for Ace Demolition, the company owned by Allen Crumpler. Sanchez was working for Crumpler at a demolition project when he fell off some scaffolding, hitting the ground below and suffering a head injury. (ECF No. 42, p. 7) Crumpler provided workers' compensation insurance to his employees through Travelers Insurance. Travelers investigated the workers' compensation claim and initially denied it. (Id.) Subsequently, Travelers reversed its decision and accepted the claim. (Id.)

Sanchez then filed suit against Crumpler in Clark County District Court, alleging that Crumpler made misrepresentations to Travelers in the course of Travelers' investigation of the workers' compensation claim, causing Travelers to delay the acceptance of the workers' compensation claim. (Id. at p. 8) The Complaint in *Sanchez v. Crumpler et al.* (the State Court Action) includes claims of negligence, negligent misrepresentation, fraudulent misrepresentation, and intentional interference with contract. (Id.)

Colony issued a general liability Policy to Crumpler, in effect at the time of Sanchez's accident (the Policy). The Policy provides liability coverage for "bodily injury" or "property damage" caused by an "occurrence." (See ECF No. 1, p. 3; see also ECF 42-3). It excludes coverage for "expected or intended injury." (Id.) It also excludes coverage for "bodily injury" to an employee "arising directly or indirectly" out of employment by the insured or out of performing duties related to the insured's business. (Id.) As a result of these Policy provisions, Colony is participating in the defense of the insureds in the State Court Action under a reservation of rights. Colony filed this declaratory action in order to determine whether it has any duty to defend or indemnify the insureds with respect to the claims in the State Court Action. (ECF No. 1.)

Sanchez now seeks to obtain both testimony and documents from Colony as outlined in the Rule 30(b)(6) Notice of Deposition. Notably, Sanchez initially submitted a Rule 30(b)(6) Notice of Deposition unilaterally setting a deposition date for approximately two (2) weeks away, without notice, and seeking discovery into a number of items clearly not relevant to the claims in this case. After a meet and confer, counsel agreed some of the included categories were improper and amended the Notice. In the amended Notice, Sanchez still includes ten different categories of information and seeks to obtain this testimony in the next ten days. (ECF No. 42-3).

The Notice of Deposition, as written, would likely require more than one representative of Colony to review, research, and gather documents and travel from Colony's principal place of business to the State of Nevada. No written discovery has yet been done in order to streamline any of these areas of testimony and/or to determine whether such documentation exists. As discussed in more detail below, much of the information sought by Sanchez is not relevant to the very straightforward legal questions and coverage issues raised in this matter and, in addition, much of it can be obtained through other, less burdensome means.

**B.    Scope of Discovery.**

Generally speaking, courts have broad discretionary power to allow or deny discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988). Under Federal Rule of Civil Procedure 26(1), the parties may obtain discovery regarding any matter (not privileged) as long as it is relevant to the claim or defense of a party and is reasonably calculated to lead to the discovery of admissible evidence. While the test of relevancy under Rule 26(b)(1) is relatively broad, a court may also preclude or limit discovery on the grounds that the burden or expense of the proposed discovery outweighs its likely benefit. *See e.g., EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 431-432 (D. Nev. 2006).

In *Roberts v. Clark County School District,* 312 F.R.D. 594, 601–04 (D. Nev. 2016), the court discussed the role of trial courts to exercise their broad discretion to limit and tailor discovery to accomplish the goal of the Rules in securing a "just, speedy, and

inexpensive determination of every action and proceeding." *Id.* at 602. The court noted as follows:

> The 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense but eliminate unnecessary and wasteful discovery.

*Id.* at 603. If a Court determines that the discovery sought is unreasonably cumulative or duplicative, *or it can be obtained from some other source that is more convenient, less burdensome, or less expensive,* the Court can limit the extent of such discovery. *See also Bank of Am., N.A. v. SFR Inv. Pool 1, LLC*, 2016 WL 2843802 at p. 3 (D. Nev. 2016). The Court in *Bank of America* also noted that, in some instances, a court can require a party to serve interrogatories in lieu of a Rule 30(b)(6) deposition, particularly when a party is seeking the factual and legal basis for the claims and/or when information can reasonably be obtained through written discovery. *Id.*

This case is a declaratory action pertaining to insurance coverage for a particular claim. The interpretation of a policy provision is typically a question of law for the court to decide. *See e.g., Capitol Indem. Corp. v. Blazer*, 51 F.Supp.2d 1080 (D. Nev. 1999). Whether an ambiguity exists is also a question for the court. *Id.* In this case, there has been no determination that the Policy language is ambiguous nor have there been any allegations that the Policy is ambiguous. Sanchez cannot simply claim ambiguity in a motion to compel in order to conduct discovery. Moreover, most of the information sought by Sanchez in the Notice of Deposition pertains to claims handling issues, which are indisputably not the subject of this action. There is no claim for or allegation of improper claim handling on the part of Colony in this case. This case simply asks the Court to apply the Policy provisions at issue apply to the undisputed facts of this case.

Further, even if some limited discovery is permissible, the Notice of Deposition is far too broad and unduly burdensome and seeks information well beyond the allowable parameters of discovery in an action such as this, in which the sole claim is for

declaratory relief to determine whether the Colony Policy provides coverage for the claims in the underlying State Court Action. In addition, much of this discovery is duplicative and can be obtained by less burdensome means, such as a written set of discovery requests to determine whether these documents and information even exist prior to requiring a representative (or more than one representative) from Colony to travel to Nevada for a 30(b)(6) deposition.

C. **The Notice of Deposition.**

The Notice of Deposition, as amended, includes ten different categories of information and asks Colony not only to produce a representative to testify on each of these issues, but to review and produce all documents pertaining to each of these issues. Each of these categories is discussed below.

    1. *The policies and procedures used by Colony to evaluate the basis, facts and information surrounding the underlying liability claim for damage by Juan Sanchez and whether such claims are covered by the Colony policy.*

The first request seeks information regarding the manner in which Colony handled this particular claim, i.e., its internal claim handling policies and procedures, whether those policies and procedures were followed, and how they were followed in this instance and how coverage was determined. Sanchez claims this request is relevant to determine whether Colony has specific guidelines or procedures in place for evaluating claims such as this. However, whether Colony has internal policies and procedures, and whether they were followed in this case, does not affect the Court's application of the Policy provisions to the facts of this case and have no bearing on determining whether this claim is covered. This claim involves only the application of certain Policy provisions to the facts of the underlying case; it does not involve a review or analysis of Colony's policies and procedures and how the claim was handled. This category of information is not relevant. Colony's policies and procedures are also confidential, proprietary business information and documents that have nothing to do with the purely legal issues raised in this case.

> 2. *The actual investigation of the facts supporting exclusion of the liability claims by Juan Sanchez, the findings and conclusion of the investigation, and the response, if any, by management at Colony to the findings and conclusions.*

Sanchez asserts that it is necessary to determine what investigation Colony did and whether it was "sufficient." Sanchez also claims that if there was an "insufficient investigation," that is "important information." He does not explain why this is important information, most likely because Sanchez knows it is not relevant. This request essentially seeks to establish whether Colony performed an adequate investigation before making its coverage determination, which, again, is pertinent only to the claims handling aspect. Whether or not Colony performed what Sanchez believes is a "sufficient investigation" has no bearing on the Court's application of the Policy provisions apply to the underlying facts as a matter of law. The facts themselves are in the underlying case. The parties can present those facts to this Court so that the Court can review the Policy provisions in connection with the known facts and decide whether there is coverage for the claims as a matter of law. Colony's investigation has no bearing on the facts from the underlying case or this Court's application of the Policy provisions to those facts.

> 3. *Correspondence, emails, conversations, writings or other communications between Allen Crumpler and Colony regarding what acts of the insured are specifically excluded in the Colony Policy.*

This request is vague as to what Sanchez is seeking. The Colony Policy itself determines what is and is not covered. Correspondence between Colony and the insured does not alter the terms of the Policy. *See, e.g., Cinelli v. Sec. Pac. Corp.,* 61 F.3d 1437 (9th Cir. 1995)(extrinsic evidence cannot alter the terms of a policy). In addition, Sanchez argues that correspondence between Colony and the insured would somehow determine what type of conduct would "reasonably be considered covered" under the Policy. This is essentially tantamount to a "reasonable expectations" argument, i.e., a request for certain information in order to determine what the insured was told and what the insured reasonably expected to be covered under the Policy. There is no claim or argument of "reasonable expectations" by the insured, in this case Crumpler). Since "reasonable

6

expectations" are not an issue here, such information is irrelevant.

    4.    <u>*The factual and legal basis for the denial of liability coverage as set forth in Colony's complaint for declaratory relief, including the coverage letters of in-house or outside counsel, the language of the subject policy, the language of any applicable riders and who, or which group of people, specifically directed the denial of coverage.*</u>

Sanchez is essentially asking for Colony to explain the basis for the application of its Policy and why Colony informed Crumpler that coverage was not available for this claim. Policy interpretation is a question of law for the Court. Colony's testimony as to how the Policy should be interpreted is simply not relevant to this Court's decision interpreting the Policy as a matter of law. Even if it was relevant, the basis for Colony's decision to defend the insured under a reservation of rights has already been explained in its coverage letter to Crumpler and the pleading in this lawsuit. The purpose of this action is to ask the Court to decide how the Policy applies to the facts of this case.

Moreover, to the extent Sanchez is seeking an explanation as to the entire factual and legal basis for its coverage position, that is more appropriately sought through written interrogatories. *See, e.g., Bank of America, supra* at p. 4 (noting that since an "adequate response" to such a request would require "substantial input and preparation by Plaintiff's counsel in assembling and organizing the facts that support each of the legal conclusions identified in those topics," such information could be "provided more efficiently and fairly through answers to interrogatories"); *see also HSBC Bank USA, N.A. v. Green Valley Pecos Homeowners Association, Inc.,* 2016 WL 6915301 (D. Nev. 2016)(noting that where the deposition topic is more appropriately addressed by interrogatory, it is more appropriate to treat the topic as an interrogatory and require the responding party to provide a written answer to it instead). In this case, Sanchez has not submitted any written discovery requests. A detailed explanation of Colony's coverage position has already been provided, but to the extent it is appropriate at all to inquire further, that can be accomplished through written discovery requests rather than requiring one or more representatives to travel to Nevada for a deposition. Finally, this request seeks information that is privileged to the extent it includes conversations with and coverage

advice from Colony's attorneys.

> 5. *The evaluation of the language of the subject policy that was used by Colony adjusters and supervisors regarding what acts the Policy covers, specifically what types of acts are excluded and the limits, if any, of acts of negligence of the named insured that are covered.*

As set forth above, Colony's interpretation of and specific application of the Policy is not determinative in this action. It is the Court's role to interpret the Policy and determine how it applies to the facts of this case. Moreover, Colony has already explained why the Policy does not provide coverage for this claim, and, as discussed above, that information can be properly communicated through less burdensome means in the form of written discovery.

> 6. *The review by management persons at Colony of the evaluation, handling and decision by Colony adjusters to deny coverage.*

Sanchez seeks discovery to determine "if upper level review occurred" and if any coverage determinations "were ratified and/or approved by management." Sanchez does not explain how or why this is relevant to the issue of how the Court will interpret and apply the Policy provisions to the facts of this case. Sanchez already is in possession of both the Policy itself and the coverage letters from Colony, so Sanchez is aware of Colony's coverage position. Whether a claim decision or coverage position was reviewed or approved by "management" is not relevant to whether the Policy provides coverage for this claim. It appears what Sanchez is actually seeking is information regarding the handling of the claim itself, which again is not an issue in this case and is irrelevant.

> 7. *All claims of a similar nature from April 2014 to the present, where the claim was that the Colony insured made negligent statements that affected other unrelated insurance to another person.*

Sanchez claims that the application of the Policy in other similar claims would be relevant to its interpretation here. The handling of other claims is not relevant to the determination of coverage for this claim. Additionally, the request is vague and overly broad in that it is not limited to claim type, coverage type, geography, etc. such that Colony could even begin to understand what information Sanchez is seeking. The task of

searching all of Colony's claim files for "claims of a similar nature" (whatever that means) would be so burdensome that the cost would substantially outweigh the needs of this case, which is a purely legal coverage issue.

8. *Communications between Colony and Travelers regarding the claims of Juan Sanchez against Allen Crumpler, Travelers or any other party.*

Sanchez arguably seeks communications between Colony and Travelers to determine what facts were provided to Colony in order to make its coverage determination. Such communications, however, are not relevant to this Court's determination of coverage under the Policy. The Court determines coverage as a matter of law by comparing the facts available in the State Court Action and the facts as presented to this Court to the relevant Policy provisions. Which of those facts were reviewed by Colony at the time of its coverage determination is not relevant to this Court's coverage determination. In addition, the reservation of rights letters to Colony's insured provides the information requested. To the extent any of this information is relevant and not contained in the coverage position letters, such information can be easily obtained through written discovery in a more efficient, and less burdensome, manner.

9. *Communication between Crumpler and Colony at any time regarding the application, underwriting, placement, adjustment and/or denial of benefits for the subject policy.*

Sanchez seeks information regarding whether there has been an "explanation or coverage assessment conveyed to Crumpler," Colony's insured, with regard to Colony's coverage position in this matter. This information simply is not relevant to the legal question of coverage under the policy. Again, to the extent such information is relevant (and to the extent it has not already been produced in this case), it can be obtained through written discovery requests in a less burdensome manner.

10. *Any riders and/or addendums to the policy regarding any exclusions to the policy that influenced or affected the denial by Colony of liability coverage.*

This request is vague and unintelligible. Colony has already provided its coverage position and explained what Policy provisions apply to this claim. It is the role of the Court to review the facts and Policy provisions (or the Policy as a whole) and determine

9

as a matter of law whether there is coverage for this claim.

**D.** **Conclusion**

Sanchez is seeking discovery on numerous topics that are not relevant to the very limited issue in this case – i.e., whether there is coverage for the claims asserted in the State Court Action. Colony filed this declaratory action seeking a determination of how and whether its Policy applies to these claims. Coverage is a question of law for the Court, decided by applying the Policy to the facts of the underlying case. Nothing about how Colony handled the claim or Colony's interpretation of its policy is relevant to the Court's inquiry and ultimate decision. Moreover, Sanchez is requesting that one or more representatives from Colony travel to the state of Nevada for a deposition, on short notice, when most of this information, to the extent it is even relevant and discoverable, has either already been provided to Sanchez or can be more efficiently obtained through the use of written discovery. Colony therefore requests that this Court quash the Notice of 30(b)(6) Deposition.

DATED May 14, 2019.

BARRETT & MATURA, P.C.

By /s/ Kevin C. Barrett
　　Kevin C. Barrett
　　7575 Vegas Drive, Suite 150
　　Las Vegas, NV 89128
　　*Attorneys for Plaintiff Colony Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

Robert W. Cottle
Matthew David Minucci
Cottle Law Firm
8635 South Eastern Avenue
Las Vegas, NV 89123

Todd R. Alexander
Lemons, Grundy & Eisenberg
6005 Plumas Street, Suite 300
Reno, NV 89519


/s/ Carolyn Harrington Marsh
Carolyn Harrington Marsh