UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

COLONY INSURANCE COMPANY,

    Plaintiff(s),

v.

JUAN M. SANCHEZ, et al.,

    Defendant(s).

Case No.: 2:18-cv-01950-JCM-NJK

**Order**

[Docket Nos. 42, 52]

    Pending before the Court is Defendant Juan Sanchez's motion to compel Plaintiff's deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Docket No. 42. Plaintiff filed a response in opposition, and Mr. Sanchez filed a reply. Docket Nos. 50, 51. Also pending before the Court is Plaintiff's motion to strike an exhibit to the reply. Docket No. 52. Mr. Sanchez filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 53, 54. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED** in part and **DENIED** in part, while the motion to strike is **DENIED** as moot.

**I.    BACKGROUND**

    Mr. Sanchez suffered a work-place injury in which he fell from a scaffold. *See* Compl. (Docket No. 1) at ¶ 6. Mr. Sanchez was an employee of Ace Demolition, an entity owned by Defendant Allen Crumpler. *See id.* at ¶¶ 3, 7. The incident was investigated by Ace Demolition's workers' compensation insurer, Travelers Insurance Company. *See id.* at ¶¶ 7-9. Mr. Sanchez

alleges that Mr. Crumpler made certain misrepresentations to Travelers regarding Mr. Sanchez and the circumstances of the fall. *See id.* at ¶ 11. Mr. Sanchez alleges that, based in part on that representation, Travelers denied his workers' compensation claim. *See id.* at ¶ 8; *see also* Docket No. 28 at 7. Following several appeals, Travelers reversed course to accept the workers' compensation claim nearly two years later. *See* Compl. at ¶ 9; *see also* Docket No. 28-7. Mr. Sanchez alleges that he was injured by this delay in that it hindered his medical treatment, exacerbating his injuries. *See* Compl. at ¶ 11.

Mr. Sanchez brought suit in state court against Mr. Crumpler, alleging negligence, negligent misrepresentation, fraudulent misrepresentation, and intentional interference with a contract. *See id.* at ¶ 12.

This is an insurance dispute arising out of claims asserted in that underlying state-court lawsuit. Plaintiff is an insurer for Mr. Crumpler and Ace Demolition. *See id.* at ¶ 13. Plaintiff seeks declaratory relief that its general commercial liability policy does not apply to the events alleged in Mr. Sanchez's state-court action in light of certain exclusions in the policy. *See id.* at ¶¶ 19-45. For example, Plaintiff relies on an exclusion to "[b]odily injury" sustained by an employee arising out of his employment or performance of his duties. *See id.* at ¶ 14. Plaintiff also highlights that its policy coverage excludes intentional conduct. *See id.* at ¶¶ 22, 31, 40. Mr. Sanchez contests that construction and application of the policy terms, arguing that his claims in state court arose out of misrepresentations by Mr. Crumpler and not from bodily injury. *See, e.g.*, Docket No. 28 at 8-9. Mr. Sanchez also asserts that the claims are premised on assertions of negligent conduct, rather than intentional conduct. *See, e.g.*, Docket No. 9 at 7.

On April 22, 2019, Mr. Sanchez served a Rule 30(b)(6) deposition notice on Plaintiff. Docket No. 42-1. That deposition notice identified eleven topics of inquiry. *Id.* Plaintiff responded to the notice with objections that culminated in a meet-and-confer. *See, e.g.*, Docket No 42 at 4-5. On May 1, 2019, Mr. Sanchez served an amended Rule 30(b)(6) deposition notice that dropped one topic, but continued to seek testimony on the remaining ten topics. Docket No.

42-2.[1]  Given that the efforts in bridging the gap on those ten topics proved unsuccessful, Mr. Sanchez brought a motion to compel that deposition testimony. Docket No. 42. That motion is the matter currently before the Court.

## II. STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The scope of discovery is limited to nonprivileged matter that is relevant to a party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006). "A strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship*, 519 F.2d at 429 (emphasis added).

## III. ANALYSIS

The instant dispute arises out of Mr. Sanchez's attempt to obtain Plaintiff's deposition testimony pursuant to Rule 30(b)(6). Plaintiff raises a number of objections to the deposition, which the Court will address in turn below.

### A. Policy Interpretation

Plaintiff raises an overarching challenge to the deposition notice by asserting that there is no need for discovery because the interpretation of insurance policies is "typically" a legal issue. Resp. at 4. Plaintiff also indicates that there has been no affirmative finding by the Court that the policy language at issue is ambiguous, so there is no clear need for discovery at this time. *Id.* Mr.

---

[1] The initial deposition notice included a topic regarding the intended acts to be covered by the policy and what policy of insurance was available for purchase that would have covered the acts of alleged negligence at issue in this case. *See* Docket No. 42-1 at 3. That topic was dropped from the amended deposition notice. *See* Docket No. 42-2.

3

Sanchez counters that the discovery is appropriate now as relevant to the interpretation of the contract language. *See* Reply at 4, 6. Mr. Sanchez has the better argument.

Discovery is limited to what is relevant to the claims and defenses in the case. Fed. R. Civ. P. 26(b)(1); *see also in re Bard Filters IVC Prod. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016). Even after the 2015 amendments to the discovery rules, this is a "broad" concept. *E.g., Fed. Nat'l Mortg. Assoc. v. SFR Invs. Pool 1, LLC*, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016). Courts routinely allow discovery into the meaning of insurance policy provisions in breach of contract cases. *E.g.*, *Phillips v. Clark Cty. Sch. Dist.*, 2012 WL 135705, at *4-5 (D. Nev. Jan. 18, 2012) (collecting cases). Moreover, "courts do not generally resolve the issue of ambiguity through a motion to compel and will instead allow the discovery to proceed notwithstanding arguments of a lack of ambiguity." *Riverport Ins. Co. v. State Farm Fire & Cas. Co.*, 2018 WL 6435883, at *2 (D. Nev. Dec. 6, 2018).

As this case law makes clear, discovery into the meaning of an insurance policy is relevant in breach of contract cases, and such discovery is generally allowed. The Court discerns no reason to chart a different course here. Moreover, Plaintiff has put the cart before the horse in asserting that such discovery is premature because there has been no judicial finding yet of ambiguity. Whether the provisions will be found to be ambiguous is a merits-based argument that is left for another day. It is proper at this junction to proceed with that discovery in the interim.

Accordingly, deposition testimony as to the meaning of policy provisions is relevant and appropriate.

B.     Preference for Written Discovery

Plaintiff also argues that the deposition testimony at issue is unnecessarily burdensome because the information could otherwise be provided through written discovery. *See, e.g.*, Resp. at 4, 7. Mr. Sanchez counters that a party may be required to explain its interpretation of documents and that depositions are an appropriate vehicle for obtaining that information. *See, e.g.*, Reply at 3, 6, 9. Mr. Sanchez has the better argument.

It has long been clear that written discovery and depositions are not equivalent forms of discovery that may be easily substituted for one another. *Great Am. Ins. Co. of N.Y. v. Vegas*

*Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008) (citing *in re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 174 (D.D.C. 2003)); *see also Shoen v. Shoen*, 5 F.3d 1289, 1297 (9th Cir. 1983). Written discovery responses are drafted through calm reflection with the aid of attorneys, while depositions probe the facts while witnesses are under the scrutiny of examination. *See Cardinali v. Plusfour, Inc.*, 2018 WL 7502644, at \*6 (D. Nev. Oct. 9, 2018); *see also Hambleton Bros Lumber Co. v. Balkin Enterps., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005) ("Depositions differ from interrogatories in that regard. A deposition is not a take home examination" (quoting *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002)). As such, depositions provide a means to obtain more complete answers and are the favored form of discovery. *Great American Insurance*, 251 F.R.D. at 539; *accord La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012).

"The Federal Rules of Civil Procedure do not permit a party served with a Rule 30(b)(6) deposition notice . . . 'to elect to supply the answers in a written response to an interrogatory' in response to a Rule 30(b)(6) deposition notice." *Great American Insurance*, 251 F.R.D. at 539 (quoting *Marker v. Union Fidelity Life Ins.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)). "Similarly, in responding to a Rule 30(b)(6) notice . . ., a corporation may not take the position that its documents state the company's position." *Great American Insurance*, 251 F.R.D. at 539.

There is no prohibition on a party seeking deposition testimony in lieu of or in conjunction with contention interrogatories. *Caesars Entertainment*, 237 F.R.D. at 435 (quoting *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003)). "[C]ourts are generally unwilling to interfere with a party's decision to conduct a Rule 30(b)(6) deposition, even when other, more efficient, discovery options may be available." *Autoridad de Carreteras Y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 438 n.2 (D.P.R. 2016). Hence, there is a "general rule" that a litigant must appear for deposition notwithstanding the availability of written discovery on the same topics. *Bank of Am., N.A. v. Auburn & Bradford at Providence Homeowners' Ass'n*, 2016 U.S. Dist. Lexis 104827, at \*6-7 (D. Nev. Aug. 1, 2016).[2]

---

[2] Plaintiff cites two cases suggesting that this line of authority may have been abrogated given the emphasis on proportionality in the 2015 amendments to the Federal Rules of Civil Procedure. *See* Resp. at 4, 7. The Court does not share the view that the 2015 amendments warrant

5

Plaintiff asks to depart from this general rule by pointing to the inconvenience of having its deponent travel to this forum. Resp. at 4, 7. Plaintiff's assertion of burden falls flat. A plaintiff is generally expected to make itself available for examination in the district in which it brought suit. *See, e.g.*, *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999). A conclusory assertion that a plaintiff traveling to the forum imposes an undue burden does not suffice to depart from that rule. *See id.* In this case, Plaintiff offers only vague references to the cost of a deponent travelling to this forum for deposition. *See* Resp. at 4, 7.[3] At bottom, Plaintiff's argument is simply that it should not be required to incur the customary costs and inconvenience associated with a deposition because it would prefer that Mr. Sanchez had propounded written discovery. Such a preference falls woefully short of foreclosing Mr. Sanchez from obtaining Rule 30(b)(6) deposition testimony.

Accordingly, the Court finds that the deposition is not disproportional to the needs of the case.

C.  Arguments as to Specific Topics.

Having resolved the overarching objections to the deposition testimony, the Court turns to the arguments specific to each of the ten topics at issue.

1. Topic 1

This deposition topic seeks testimony regarding the policies and procedures used by Plaintiff to evaluate the basis, facts and information surrounding the underlying liability claim for

---

a significant departure from the approach taken in authority cited above. Indeed, this Court and numerous others have continued to follow this approach notwithstanding the 2015 amendments. *E.g.*, *Landry v. Swire Oilfield Servs., LLC*, 323 F.R.D. 360, 385 (D.N.M. 2018); *English v. Wash. Metro. Area Transit Auth.*, 323 F.R.D. 1, 26 (D.D.C. 2017); *Autoridad de Carreteras*, 319 F.R.D. at 438 n.2; *Washington-St. Tammany Elec. Coop., Inc. v. La. Generating, LLC*, 2019 WL 1804849, at *12 (M.D. La. Apr. 24, 2019); *Jobson v. United States*, 2018 WL 8299886, at *5 (W.D. Okla. Aug. 27, 2018); *Ellis v. Corizon, Inc.*, 2018 WL 1865158, at *7 (D. Idaho Apr. 18, 2018); *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 2017 WL 2831700, at *3 (E.D. La. June 30, 2017); *Auburn & Bradford*, 2016 U.S. Dist. Lexis 104827, at *6-7; *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 3353935, at *2 (D. Nev. June 10, 2016). An emphasis on proportionality does not so fundamentally change the discovery process as to allow a litigant to avoid deposition based on generalized assertions that written discovery is more convenient.

[3] In addition, it is unclear whether the parties have explored the possibility of conducting the deposition remotely as a means to reduce any inconvenience. *See* Fed. R. Civ. P. 30(b)(4).

damages by Mr. Sanchez and whether such claims are covered by the policy. Docket No. 42-2 at 3. Plaintiff argues that this case involves application of policy language, and the guidelines and procedures for evaluating claims is irrelevant. Resp. at 5. Mr. Sanchez asserts that such information is discoverable because the guidelines used to evaluate this claim may shed light on the interpretation of similar terminology used in evaluating similar claims. *See* Mot. at 15-16.[4] Mr. Sanchez has the better argument.

Courts have found that claims handling information is generally relevant in breach of contract cases. *See, e.g.*, *Int'l Game Tech. v. Ill. Nat'l Ins. Co.*, 2017 WL 5505039, at *4 (D. Nev. Nov. 16, 2017). Moreover, courts have found that discovery is permissible to determine whether an insurer has afforded different interpretations to the same language. *See, e.g.*, *id.* at 6.

The Court similarly finds here that the testimony sought through Topic 1 is relevant and discoverable.

        2. Topic 2

This deposition topic seeks testimony regarding the investigation of the facts supporting exclusion of the liability claims by Mr. Sanchez, the findings and conclusions of the investigation, and the response by management for Plaintiff to the findings and conclusions. Docket No. 42-2 at 3. Plaintiff argues that such testimony is irrelevant because it relates to claims handling. Resp. at 6. Mr. Sanchez argues that such testimony is relevant because it could illuminate the actual basis for Plaintiff's denial of coverage under the policy. Mot. at 16. Mr. Sanchez has the better argument. As explained above in Section III.C.1, claims handling information is relevant in a breach of contract case. The Court similarly finds here that the testimony sought through Topic 2 is relevant and discoverable.

---

[4] Plaintiff asserts without elaboration that its "policies and procedures are also confidential, proprietary business information and documents." Resp. at 5. No elaboration is provided, and this conclusory assertion is not grounds to preclude the deposition testimony. *Cf. AMG Services*, 291 F.R.D. at 552. The Court also notes that confidential information can generally be protected adequately through reliance on a stipulated protective order. *See, e.g.*, *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2018 WL 834589, at *2 n.2 (D. Nev. Feb. 12, 2018) (collecting cases).

### 3. Topic 3

This deposition topic seeks testimony regarding correspondence, emails, conversations, writings or other communications between Mr. Crumpler and Plaintiff regarding what acts of the insured are specifically excluded in the policy. Docket No. 42-2 at 3. Plaintiff argues that such testimony is irrelevant because the scope of the policy is determined by the policy language itself. Resp. at 6.[5] Mr. Sanchez argues that such testimony "goes to the very crux of the factual dispute regarding interpretation" of the policy. Mot. at 16. Mr. Sanchez has the better argument. As explained above in Section III.A, discovery into the meaning of the policy language is relevant. The Court similarly finds here that the testimony sought through Topic 3 is relevant and discoverable.

### 4. Topic 4

This deposition topic seeks testimony regarding the factual and legal basis for the denial of liability coverage. Docket No. 42-2 at 3. Plaintiff argues that such testimony is irrelevant because this case involves a legal issue for which discovery is not appropriate and also that such information is better obtained through a written discovery request. Resp. at 7. For the reasons provided above in Sections III.A and III.B, neither of those arguments is persuasive. The Court finds that the testimony sought through Topic 4 is relevant and discoverable.

### 5. Topic 5

This deposition topic seeks testimony regarding the evaluation of the language of the subject policy that was used by adjustors and supervisors regarding the policy coverages and, specifically, the limits regarding acts of negligence of the named insured. Docket No. 42-2 at 3. Plaintiff argues that such testimony is irrelevant because this case involves a legal issue for which discovery is not appropriate and also that such information is better obtained through a written discovery request. Resp. at 8. For the reasons provided above in Sections III.A and III.B, neither

---

[5] Without elaboration, Plaintiff asserts that "[t]his request is vague as to what Sanchez is seeking." Resp. at 6. Such a boilerplate objection is not persuasive. Moreover, the Court discerns no vagueness in the topic.

of those arguments is persuasive. The Court finds that the testimony sought through Topic 5 is relevant and discoverable.

### 6. Topic 6

This deposition topic seeks testimony regarding the review by management of the evaluation, handling, and decision of the adjustors. Docket No. 42-2 at 3. Plaintiff argues that such testimony is irrelevant because it seeks discovery into the handling of the claim and that such information is better obtained through a written discovery request. Resp. at 8. For the reasons provided above in Sections III.B and III.C.1, neither of those arguments is persuasive. The Court finds that the testimony sought through Topic 6 is relevant and discoverable.

### 7. Topic 7

This deposition topic seeks testimony regarding other claims of a similar nature from April 2014 to the present, specifically claims arising out of allegations that the insured negligently made statements impacting other insurance to another person. Docket No. 42-2 at 4. Plaintiff argues that such testimony is irrelevant because the manner in which it handled similar claims does not bear on the issues in this case. Resp. at 8. As Mr. Sanchez asserts, however, the interpretation of other policies addressing similar claims may bear on the interpretation of the policy in this case. *See* Mot. at 13-15, 18-19. For the reasons provided above in Section III.A, Mr. Sanchez has the better argument and testimony regarding the handling of similar claims is plainly relevant to the issues in this case.

Plaintiff also argues that this deposition topic is vague, overly broad, unduly burdensome, and not proportional. Resp. at 8-9. As to vagueness, the Court disagrees. The topic clearly identifies the circumstances giving rise to the type of claim for which testimony is sought; namely, claims made arising out of an insured's allegedly negligent statements impacting other insurance to another person. That is a specific scenario and there is no vagueness in the request.

As to undue burden and proportionality, Plaintiff objects in general terms to the time, expense and burden of obtaining information related to claims arising out of the factual scenario at issue. Resp. at 9. Plaintiff provides no declaration or other competent evidence demonstrating what time, expense, or burden it would actually incur, however. That shortcoming alone heavily

9

militates against a finding of undue burden or disproportionality. *See Riverport Insurance*, 2018 WL 6435883, at *4 n.4; *see also Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016) (holding that a party asserting an undue burden must substantiate that objection with specific facts indicating the nature and extent of that burden, usually by declaration or other competent evidence). Having provided no competent evidence outlining the process by which a Rule 30(b)(6) witness could prepare for this testimony, Plaintiff has not carried its burden of persuasion on this objection.[6]

As to overbreadth, no justification has been provided for seeking testimony covering a period of more than five years and it does not appear that there is any geographical limitation. Plaintiff raises these issues, but does not provide meaningful elaboration. Given the facial overbreadth of the topic, the Court will limit it to the period of October 21, 2015 (six months before the underlying incident in which Mr. Sanchez was injured) to October 10, 2018 (the date this case was filed) and will also limit this topic to claims made in the United States.

The Court finds that the testimony sought through Topic 7 is relevant and generally discoverable, but the Court limits the scope of the topic as to time and geographic location as stated above.

### 8. Topic 8

This deposition topic seeks testimony regarding communications between the insurers (Travelers and Colony) regarding the claims of Mr. Sanchez. Docket No. 42-2 at 4. Plaintiff argues that such testimony is irrelevant because this case involves a legal issue for which discovery is not appropriate and also that such information is better obtained through a written discovery request. Resp. at 9. For the reasons provided above in Sections III.A and III.B, neither of those arguments is persuasive. The Court finds that the testimony sought through Topic 8 is relevant and discoverable.

---

[6] The Court narrows the scope of this topic below, which also lessens any burden in Plaintiff's compliance.

10

### 9. Topic 9

This deposition topic seeks testimony regarding communications between Mr. Crumpler and Plaintiff regarding the application, underwriting, placement, adjustment and /or denial of benefits for the subject policy. Docket No. 42-2 at 4. Plaintiff argues that such testimony is irrelevant because this case involves a legal issue for which discovery is not appropriate and also that such information is better obtained through a written discovery request. Resp. at 9. For the reasons provided above in Sections III.A and III.B, neither of those arguments is persuasive. The Court finds that the testimony sought through Topic 9 is relevant and discoverable.

### 10. Topic 10

This deposition topic seeks testimony regarding any riders or addenda to the policy with respect to exclusions that impacted Plaintiff's denial of coverage. Docket No. 42-2 at 4. Plaintiff first argues without elaboration that the topic is "vague and unintelligible." Resp. at 9. The import of the topic is relatively clear, however, as it seeks testimony regarding any riders or addenda that influenced the denial of coverage.

Plaintiff next argues that it has already identified its position regarding coverage and this case merely involves a legal issue for which discovery is not appropriate. Reps. at 9-10. For the reasons provided above in Sections III.A and III.B, neither of those arguments is persuasive. The Court finds that the testimony sought through Topic 10 is relevant and discoverable.

## IV.  MOTION TO STRIKE

Plaintiff moves to strike an exhibit to Defendant's reply consisting of an "expert witness report." *See* Docket No. 52. The Court does not rely on that exhibit herein, so the motion to strike is **DENIED** as moot.

## V. CONCLUSION

For the reasons discussed below, the motion to compel is **GRANTED** in part and **DENIED** in part, while the motion to strike is **DENIED** as moot. Plaintiff shall appear for deposition on a mutually agreeable date no later than August 19, 2019.

IT IS SO ORDERED.

Dated: July 18, 2019

                                                    Nancy J. Koppe
                                                   United States Magistrate Judge