# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

COLONY INSURANCE COMPANY,

    Plaintiff(s),

v.

JUAN M. SANCHEZ, et al.,

    Defendant(s).

Case No.: 2:18-cv-01950-JCM-NJK

**Order**

[Docket No. 61]

On July 18, 2019, the Court ordered Plaintiff to appear for deposition no later than August 19, 2019. Docket No. 60. Pending before the Court is Plaintiff's motion for relief from that order, which Plaintiff fashions as a motion for "clarification." Docket No. 61. That motion is defective in numerous ways. First, upon the Court's review of the motion, Plaintiff is not seeking clarification but is rather seeking the undersigned's reconsideration of the ruling that an insufficient showing of undue burden had been made with respect to Topic 7.[1] Second, the motion does not include legal authority of any kind, let alone an articulation and application of the

---

[1] The motion also seeks "guidance" in the form of an advisory opinion regarding the sufficiency to date of Plaintiff's efforts to prepare for the deposition. *See* Docket No. 61 at 2, 3. Judges are not co-counsel for the attorneys appearing before them, *e.g.*, *Khademi v. S. Orange Cty. Comm. College Dist.*, 194 F. Supp. 2d 1011, 1027 (C.D. Cal. 2002) (quoting *Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001)), and courts do not issue advisory opinions to provide guidance on whether a party has complied with its obligations, *e.g.*, *United States v. Shaw*, 2016 WL 7175596, at *1 (D. Nev. Dec. 7, 2016). The standards for preparing a Rule 30(b)(6) deponent are well-established. *E.g.*, *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). The order compelling the deposition also clearly delineates the scope of the topic at issue. *See* Docket No. 60 at 9-10. Litigants are expected to comply with well-established standards and clear orders, and to proceed to deposition without handholding. *Cf. Cardinali v. Plusfour, Inc.*, 2019 WL 1598746, at *2 (D. Nev. Apr. 15, 2019) (declining to provide guidance on how to comply with an order requiring a deposition).

1

standards governing motions for reconsideration, which runs afoul of the requirement to provide points and authorities as mandated by Local Rule 7-2(d).[2]  Third, the motion relates to discovery but there is no certification that a prefiling conference was conducted as required by Local Rule 26-7(c).

In light of the above, the pending motion is **DENIED** without prejudice.  To the extent Plaintiff continues to seek relief, it must immediately meet-and-confer with Mr. Sanchez's counsel.  Any renewed motion must identify the applicable standards and apply them through meaningfully-developed argument.  Any such motion must be filed by August 6, 2019.  Any response must be filed by August 7, 2019.[3]  Given the looming deposition date, no reply will be entertained.

IT IS SO ORDERED.

Dated: August 2, 2019

                                                Nancy J. Koppe
                                                United States Magistrate Judge

---

[2] Similarly, the motion seeks as alternative relief a continuance of the deposition, but does not articulate or apply the standards for seeking that relief.

[3] CM/ECF may automatically generate a response deadline different from the one set herein, in which case the deadline in this order governs.  *See* Local Rule IC 3-1(d).

2